IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:16-CV-881-FL

| | |
|---|---|
| ME2 PRODUCTIONS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DOES 1-11, ) | |
| ) | |
| Defendants. ) | |

This copyright infringement case comes before the court on plaintiff's motion (D.E. 7) for leave to take discovery prior to conducting a conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Specifically, plaintiff seeks leave to serve one or more subpoenas pursuant to Federal Civil Rule of Civil Procedure 45 on the internet service provider ("ISP") Century Link, which plaintiff asserts provided internet services to the 11 defendants named in the complaint, each designated as a "Doe" defendant. Although plaintiff has the internet protocol ("IP") address associated with each defendant, along with the identity of Century Link as the ISP for each and the city and county in which the alleged infringement occurred, it seeks to obtain by the subpoenas more comprehensive identifying information for each defendant, including the name and address of each. *See* Pl.'s Mem. (D.E. 8) 3 § I; Compl. (D.E. 1) ¶ 12 & Ex. B (D.E. 1-2).

Generally, discovery is not permitted until after the parties have conferred pursuant to Rule 26(f). Fed. R. Civ. P. 26(d)(1). However, the court has discretion to alter the timing and sequence of discovery. *Id.* While the Federal Rules of Civil Procedure do not set forth the standard to be applied in assessing a motion for expedited discovery, courts typically apply either

a reasonableness or good cause test taking into account the totality of the circumstances, or a modified preliminary injunction test. *Gaming v. W.G. Yates & Sons Constr. Co.*, No. 1:16CV30, 2016 WL 3450829, at *3 (W.D.N.C. 16 June 2016); *Lewis v. Alamance Cty. Dep't of Soc. Servs.*, No. 1:15CV298, 2015 WL 2124211, at *1 (M.D.N.C. 6 May 2015).

This court agrees with the courts in this circuit that have applied the reasonableness or good cause standard to requests for expedited discovery. *See Gaming,* 2016 WL 3450829, at *3; *Chryso, Inc. v. Innovative Concrete Sols. of the Carolinas, LLC*, No. 5:15-CV-115-BR, 2015 WL 12600175, at *3 (E.D.N.C. 30 June 2015). Factors that courts consider under this test include the procedural posture of the case, whether the discovery requested is narrowly tailored, whether the party seeking the information would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference, and whether the information sought would be unavailable or subject to destruction in the absence of expedited production. *Chryso,* 2015 WL 12600175, at *3.

Here, plaintiff alleges that defendants have acquired and transferred without authorization a movie for which plaintiff holds the copyright. Compl. ¶ 1. It seeks identifying information for defendants in order to be able to litigate its infringement claims against them. Plaintiff contends, plausibly, that obtaining from Century Link as defendants' ISP the information it seeks regarding the defendants' identity is the only means it has to identify defendants and litigate its claims. Pl.'s Mem. 6 § II.B.3. Indeed, without the identifying information for defendants, enabling plaintiff to bring them into this case, no Rule 26(f) conference could be held. The information plaintiff seeks is narrowly tailored to meet its objective of identifying defendants. It consists of

the name, permanent address, current address, telephone number, email address, and media access control address of each defendant. *Id.* at 3 § I.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's motion (D.E. 7) is ALLOWED on the terms set forth below.

2. As to each defendant, plaintiff may serve on Century Link a separate subpoena that seeks documents containing the name, permanent address, current address, telephone number, e-mail address, and media access control address of the defendant. Century Link is ordered to provide the documents sought in each subpoena in accordance with the terms of this order. Plaintiff shall attach to each subpoena a copy of this order.

3. Within seven days after the date of plaintiff's service on Century Link of a subpoena authorized herein, Century Link shall serve written notice of the subpoena on the defendant about whom documents are sought in the subpoena. If Century Link or the defendant about whom documents are sought in a subpoena wishes to have the subpoena quashed or modified, such person (whether it be Century Link or the defendant) must file with the court and serve on counsel for plaintiff a motion to quash or modify the subpoena prior to the return date for the subpoena (which is the date specified in the subpoena for production of the documents sought). The return date shall be no earlier than 21 days after the date of service by plaintiff of the subpoena on Century Link.

4. Century Link shall not produce any documents in response to a subpoena prior to the return date or, if any motions to quash or modify are filed with respect to the subpoena, unless and until an order is entered denying any such motions and permitting production pursuant to the subpoena (in which case production shall be in accordance with the terms of such

3

order). Plaintiff shall notify Century Link of the filing of any motion to quash or modify a subpoena within one day after the filing of the motion. Century Link shall make appropriate arrangements to ensure that it has notice of any motions to quash or modify a subpoena before it produces any documents in response to the subpoena.

5. Any documents produced to plaintiff in response to a subpoena, including the information contained therein, may be used by plaintiff solely for the purpose of prosecuting its infringement claims in this action.

6. Except as expressly provided herein, by further order of the court, or in the Federal Rules of Civil Procedure, plaintiff may not engage in discovery in this action prior to the conduct of a Rule 26(f) conference.

SO ORDERED, this 1st day of December 2016.

_____
James E. Gates
United States Magistrate Judge